IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HARRY M. GONSOULIN, JR.                                        PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:11cv231HSO-JMR

SCOTT FREEMAN, ET AL.                                         DEFENDANTS


**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT**

BEFORE THE COURT is a Motion [8-1] to Dismiss filed November 16, 2011.

John Miller, Director of the City of Biloxi Police Department, specially appearing,

moves on behalf of the Biloxi, Mississippi Police Department, to Dismiss Plaintiff

Harry Gonsoulin's ["Plaintiff"] Complaint against it pursuant to FED. R. CIV. P.

12(b)(4), 12(b)(5), and 12(b)(6).  Also before the Court is a Motion [10-1] to Dismiss

filed November 16, 2011, in which named Defendants Donnie G. Dobbs, Scott

Freeman, Aldon Helmert, Bruce Johnson, John Miller, William B. Newell, Robin

Peters, and Michael Wills, specially appearing, move to Dismiss Plaintiff's

Complaint pursuant to FED. R. CIV. P. 4(m), 12(b)(2), 12(b)(4), and 12(b)(5).  To date,

Plaintiff has not responded to either Motion.  After consideration of the

submissions, the record in this case, and the relevant legal authorities, and for the

reasons discussed below, the Court finds that Defendants' Motions should be

granted pursuant to  FED. R. CIV. P. 4(m), 12(b)(4), and 12(b)(5), and that this cause

should also be dismissed pursuant to FED. R. CIV. P. 41(b).

## I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

On April 24, 2009, Plaintiff was stopped, detained, and arrested by officers of the Biloxi Police Department.  Plaintiff claims that because the named Defendants wrongfully believed flagrant statements given them by Katrina Wallace, he was falsely arrested and charged with aggravated assault.  Am. Compl., at p. 16, att. as Ex. "1-2" to Compl. [1-1].  Plaintiff alleges that three searches of his house were performed, with the third resulting in his arrest on "porn charges."  *Id*. at p. 17.

Plaintiff filed his Complaint in the Circuit Court of Harrison County, Second Judicial District, on May 6, 2011,  Compl. att. as Ex. "1" to Not. of Removal, seeking compensatory and punitive damages for violation of his civil rights under 42 U.S.C. § 1983.  The Complaint also asserts state law claims for false arrest, negligent and intentional infliction of emotional distress, negligence, assault, battery, nuisance, negligent supervision, malicious prosecution, and police misconduct.  Along with the Biloxi, Mississippi, Police Department, the following individual Defendants are named: Scott Freeman, Robin Peters, William Newell, Michael Wills, Bruce Johnson, Donnie Dobbs, John Miller, and Aldon Helmert.  Compl., at p. 1, att. to Not. of Removal.  Pursuant to 28 U.S.C. §§ 1331 and 1446, Defendants removed the case to this Court on June 6, 2011.  Not. of Removal, at pp. 1-2.  Defendants now seek dismissal of  Plaintiff's Complaint.

## II. <u>DISCUSSION</u>

A.    <u>Service of Process</u>

Defendants seek dismissal pursuant to FEDERAL RULES OF CIVIL PROCEDURE

4(m), 12(b)(4), and 12(b)(5).  Rule 4(m) provides the time requirement for properly effectuating service of a summons and complaint, while Rules 12(b)(4) and 12(b)(5) set forth defenses for insufficiency of process, and insufficiency of service of process, respectively.  FED. R. CIV. P. 4(m), 12(b)(4), and12(b)(5).[1]

     1.   <u>Sufficiency of Service of Process</u>

John Miller, on behalf of the Biloxi, Mississippi Police Department, moves to quash the Summons and also seeks dismissal, with prejudice, on the grounds that the Summons was deficient.   He contends that dismissal is warranted because "there is no department within the City of Biloxi entitled the Biloxi, Mississippi Police Department." Mot. to Dismiss [8-1], at p. 2.  Miller states that "[w]hile the City of Biloxi Department of Police is a duly established department, . . . it is not a separate entity capable of responding to the subject lawsuit."  Mot. to Dismiss [8-1], at p. 3.

The "capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991)(quoting FED. R. CIV. P. 17(b)).  The Court in that case dismissed the police department with prejudice, holding that "unless the true political entity had taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the

---

[1] *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 610 n.2 (E.D. La. 1998)(noting that Rule 12(b)(5), not Rule 12(b)(4), provides for dismissal of a claim if service of process was not timely effected).

-3-

government itself." *Id.* at 313-14.

Following the reasoning in *Darby*, courts in this district have similarly dismissed police departments as improper parties. *See Henry v. Hancock County*, 2011 WL 825679, *4 (S.D. Miss. March 2, 2011)(Plaintiff could not maintain §1983 action against Bay St. Louis Police Department); *see also Smith v. City of Gulfport*, 2011 WL 5035976, *10 (S.D. Miss. Oct. 21, 2011)(Gulfport Police Department dismissed as improper party because it was "not a political subdivision or legal entity in and of itself."); *Stewart v. Jackson County*, 2008 WL 4287112, *1 (S.D. Miss. Sept.16, 2008)(Biloxi Police Department dismissed as improper party to lawsuit); *Stovall v. City of Hattiesburg*, 2010 WL 1980313, *1 (S.D. Miss. May 17, 2010)(Hattiesburg Police Department dismissed as defendant after Plaintiff failed to offer proof that municipality's police department was separate legal entity and capable of being sued).

The Court concludes that this argument is well taken. The Biloxi Police Department is not a separate legal entity subject to suit, and Plaintiff's claims against it should be dismissed with prejudice.

2.   Timeliness of Service of Process

Defendants Donnie G. Dobbs, Scott Freeman, Aldon Helmert, Bruce Johnson, John Miller, William B. Newell, Robin Peters, and Michael Wills, seek dismissal of Plaintiff's Complaint pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 12(b)(5), on the grounds that "[m]ore than 120 days have elapsed since Plaintiff filed his

Complaint and Amended Complaint." Mot. to Dismiss [10-1], at p. 1. A dismissal based upon untimely service of process, without more, is without prejudice. *See* FED. R. CIV. P. 4(m); MISS. R. CIV. P. 4(h).

FED. R. CIV. P. 4(m) allows 120 days for service of a summons and complaint. Rule 4(m) provides in part that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). Plaintiff has made no discernible effort to effect service of process, nor has he requested additional time. Based upon the foregoing, the Court finds that Plaintiff has failed to make any meaningful effort to serve Defendants with the Summons and Complaint, or to show good cause for such failure. Defendants' Motion [10-1] should be granted.

B.   Failure to Prosecute

Plaintiff's Responses to these two pending Motions were due on or before December 5, 2011. On December 7, 2011, the Court entered a Show Cause Order [13-1] requiring Plaintiff to show good cause for: 1) his failure to timely effectuate service of process in accord with Rule 4; 2) his failure to file Responses to Defendants' Motions to Dismiss; and 3) why the Court should not dismiss the above captioned cause pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff, who is proceeding *pro se*, was warned in this Order that failure to comply with the Court's Order could result in the dismissal of this action. The record reflects that copies of the Court's Show Cause Order [13-1] and the Court's Minute

-5-

Entry Order [14-1]² were returned to the Clerk of Court [15-1] as "undeliverable." To date, Plaintiff has not complied with the Court's Order or otherwise contacted the Court with a reason for his non-compliance.

Plaintiff has clearly failed to comply with the Court's Order [13-1]. FED. R. CIV. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996)(citing *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)); *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough,* 835 F.2d at 1126. The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30; *see also Hand v.*

---

² Court document [14-1] is a copy of an email wherein counsel for the Defendants represents that she "attempted to contact Plaintiff to initiate the telephonic Case Management Conference which was set for 1:30 p.m. today. . . . I called both of those numbers three times commencing at 1:22 p.m. Each time I called I got the following recorded message: 'We're sorry. The number you're trying to reach is not in service. Please check the number and dial again. Announcement Number 2.' I am unable to contact Mr. Gonsoulin." *Id.*

*UNUM Provident Corp.*, 202 Fed. App'x 689, 694 (5th Cir. 2006).

The Court's Order [13-1] was explicit, and Plaintiff was admonished that "failure to comply with this Order may result in dismissal of this action for failure to prosecute." *Id.* A dismissal for failure to prosecute is an inherent power to be exercised in the discretion of the district court. *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). On appeal, a decision to dismiss under Rule 41(b) is reviewed for abuse of discretion. *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Rogers ex rel. Rogers v. Metropolitan Transit Authority Metrolift,* 111 Fed. App'x 782 (5th Cir. 2004); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980).

After consideration of the record, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Court's Order under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is also proper.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Defendants' Motions [8-1, 10-1] to Dismiss filed in the above captioned cause on November 16, 2011, are **GRANTED.** Plaintiff's claims against the Biloxi Police Department are dismissed with prejudice. Plaintiff's claims against the remaining named Defendants will be dismissed without prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, also pursuant to

FED. R. CIV. P. 41(b), Plaintiff's case should be **DISMISSED WITHOUT**

**PREJUDICE**.   A Final Judgment in accordance with this Order will be entered.

   **SO ORDERED AND ADJUDGED**, this the 9th day of January, 2012.


                              *s/ Halil Suleyman Ozerden*
                              HALIL SULEYMAN OZERDEN
                              UNITED STATES DISTRICT JUDGE